UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JASON N. SCORAN,                                    **07 Civ. 10307 (JGK)**

                           Plaintiff,

      – against –                                   **ANSWER**

OVERSEAS SHIPHOLDING GROUP, INC.,
OSG SHIPMANAGEMENT, INC., OSG BULK
SHIPS, INC. and NEW ORLEANS TANKER
CORPORATION,

                           Defendants.
--------------------------------------------------------X

        Defendants, Overseas Shipholding Group, Inc. ("OSG"), OSG Ship Management,

Inc. ("OSM), OSG Bulk Ships, Inc. ("OBS") and Overseas New Orleans LLC ("ONOL")

(sued herein as, New Orleans Tanker Corporation), by their attorneys Hill, Betts & Nash

LLP, as and for their Answer to the Complaint herein, allege upon information and belief

as follows:

        1.      Admit the allegations contained in paragraph 1 of the Complaint.

        2.      Deny the allegations contained in paragraph 2 of the Complaint.

        3.      Admit the allegations contained in paragraph 3 of the Complaint.

        4.      Deny the allegations contained in paragraph 4 of the Complaint.

        5.      Deny the allegations contained in paragraph 5 of the Complaint.

        6.      Deny the allegations contained in paragraph 6 of the Complaint, except

admit OSM is a foreign corporation.

        7.      Deny the allegations contained in paragraph 7 of the Complaint, except

admit that OSM is a foreign corporation.

        8.      Admit the allegations contained in paragraph 8 of the Complaint.

9.      Deny the allegations contained in paragraph 9 of the Complaint.

10.     Deny the allegations contained in paragraph 10 of the Complaint.

11.     Deny the allegations contained in paragraph 11 of the Complaint.

12.     Deny the allegations contained in paragraph 12 of the Complaint.

13.     Deny the allegations contained in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 14 of the Complaint and refer all questions of law to the Court.

## AS TO THE FIRST CAUSE OF ACTION

15.     Deny the allegations contained in paragraph 15 of the Complaint

16.     Deny the allegations contained in paragraph 16 of the Complaint.

17.     Deny the allegations contained in paragraph 17 of the Complaint.

18.     Deny the allegations contained in paragraph 18 of the Complaint.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Deny the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

23.     Deny the allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.    Deny the allegations contained in paragraph 28 of the Complaint, except admit that OSM managed the OVERSEAS NEW ORLEANS on January 4, 2006.

29.    Deny the allegations contained in paragraph 29 of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 31 of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 32 of the Complaint.

33.    Deny the allegations contained in paragraph 33 of the Complaint.

34.    Deny the allegations contained in paragraph 34 of the Complaint.

35.    Deny the allegations contained in paragraph 35 of the Complaint.

36.    Deny the allegations contained in paragraph 36 of the Complaint.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.    Deny the allegations contained in paragraph 39 of the Complaint.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Deny the allegations contained in paragraph 41 of the Complaint.

42.    Deny the allegations contained in paragraph 42 of the Complaint.

43.    Deny the allegations contained in paragraph 43 of the Complaint, except admit that on January 4, 2006 ONOL was the bareboat charterer of the OVERSEAS NEW ORLEANS.

44.     Deny the allegations contained in paragraph 44 of the Complaint, except admit that ONOL was the owner *pro hac vice* of the OVERSEAS NEW ORLEANS.

45.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 48 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Deny the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint and defer all questions of law to the Court.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

63.     Deny the allegations contained in paragraph 63 of the Complaint.

64.     Deny the allegations contained in paragraph 64 of the Complaint, except admit that on January 4, 2006 plaintiff was provided a safe place to work and defer all conclusions of law to the Court.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 71 of the Complaint.

72.     Admit the allegations contained in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 73 of the Complaint, except admit that on July 4, 2006 Plaintiff was provided a safe place to work and defer all questions of law to the Court.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

{NY067766 1 }

75.    Deny the allegations contained in paragraph 75 of the Complaint.

76.    Deny the allegations contained in paragraph 76 of the Complaint.

77.    Deny the allegations contained in paragraph 77 of the Complaint.

78.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 78 of the Complaint.

79.    Deny the allegations contained in paragraph 79 of the Complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 80 of the Complaint.

81.    Deny the allegations contained in paragraph 81 of the Complaint.

82.    Deny the allegations in paragraph 82 of the complaint and defer all conclusions of law to the Court.

83.    Deny the allegations contained in paragraph 83 of the Complaint.

84.    Deny the allegations contained in paragraph 84 of the Complaint.

85.    Deny the allegations contained in paragraph 85 of the Complaint.

86.    Deny the allegations contained in paragraph 86 of the Complaint.

87.    Deny the allegations contained in paragraph 87 of the Complaint.

88.    Deny the allegations contained in paragraph 88 of the Complaint.

89.    Deny plaintiff was damaged as alleged in the complaint and deny knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in paragraph 89 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

90.    As and for their response to paragraph 90 of the Complaint, Defendants repeat and reallege each and every denial, admission and response to paragraphs 1-89 of

the Complaint with the same force and effect as if fully set forth and repeated at length herein.

91.    Deny the allegations contained in paragraph 91 of the Complaint.

92.    Deny the allegations contained in paragraph 92 of the Complaint.

93.    Deny the allegations contained in paragraph 93 of the Complaint.

94.    Deny the allegations contained in paragraph 94 of the Complaint.

95.    Deny the allegations contained in paragraph 95 of the Complaint.

96.    Deny the allegations contained in paragraph 96 of the Complaint.

97.    Deny the allegations contained in paragraph 97 of the Complaint.

98.    Deny the allegations contained in paragraph 98 of the Complaint.

99.    Deny the allegations contained in paragraph 99 of the Complaint.

100.    Deny the allegations contained in paragraph 100 of the Complaint.

101.    Deny the allegations contained in paragraph 101 of the Complaint.

102.    Deny the allegations contained in paragraph 102 of the Complaint.

103.    Deny the allegations contained in paragraph 103 of the Complaint.

104.    Deny the allegations contained in paragraph 104 of the Complaint.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

106.    Deny the allegations contained in paragraph 106 of the Complaint.

107.    Deny the allegations contained in paragraph 107 of the Complaint.

108.    Deny the allegations contained in paragraph 108 of the Complaint.

109.    Deny the allegations contained in paragraph 109 of the Complaint.

110.    Deny the allegations contained in paragraph 110 of the Complaint.

111.    Deny the allegations contained in paragraph 111 of the Complaint.

112.    Deny the allegations contained in paragraph 112 of the Complaint, except admit that plaintiff was provided a safe place to work on January 4, 2006 and defer all conclusions of law to the Court.

113.    Deny the allegations contained in paragraph 113 of the Complaint, except admit on January 4, 2006 plaintiff was employed by OBS onboard the OVERSEAS NEW ORLEANS while it was in navigable waters.

114.    Deny the allegations contained in paragraph 114 of the Complaint.

115.    Deny the allegations contained in paragraph 115 of the Complaint.

116.    Deny the allegations contained in paragraph 116 of the Complaint.

117.    Deny the allegations contained in paragraph 117 of the Complaint.

118.    Admit that on January 4, 2006, plaintiff was in the employ of OBS and that at times he worked in the course of his employment but except as thus expressly admitted, deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 118 of the Complaint.

119.    Deny the allegations contained in paragraph 119 of the Complaint.

120.    Deny the allegations contained in paragraph 120 of the Complaint.

121.    Deny the allegations contained in paragraph 121 of the Complaint.

122.    Deny the allegations contained in paragraph 122 of the Complaint.

123.    Deny the allegations contained in paragraph 123 of the Complaint, except admit that on July 4, 2006 plaintiff was provided a safe place to work and defer all allegations of law to the Court.

124.    Deny the allegations contained in paragraph 124 of the Complaint.

125.    Deny the allegations contained in paragraph 125 of the Complaint.

126.    Deny the allegations contained in paragraph 126 of the Complaint.

127.    Deny the allegations contained in paragraph 127 of the Complaint.

128.    Deny the allegations contained in paragraph 128 of the Complaint.

129.    Deny the allegations contained in paragraph 129 of the Complaint.

130.    Deny the allegations contained in paragraph 130 of the Complaint.

131.    Deny the allegations contained in paragraph 131 of the Complaint.

132.    Deny the allegations contained in paragraph 132 of the Complaint.

133.    Deny the allegations contained in paragraph 133 of the Complaint.

134.    Deny the allegations contained in paragraph 134 of the Complaint, except admit that plaintiff was provided a safe place to work on January 4, 2006 and defer all questions of law to the Court.

135.    Deny the allegations contained in paragraph 135 of the Complaint.

136.    Deny the allegations contained in paragraph 136 of the Complaint.

137.    Deny the allegations contained in paragraph 137 of the Complaint.

138.    Deny plaintiff was damaged as alleged in the complaint and deny knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in paragraph 138 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION

139.    As and for their response to paragraph 139 of the Complaint, Defendants repeat and reallege each and every denial, admission and response to paragraphs 1-138 of the Complaint with the same force and effect as if fully set forth and repeated at length herein.

140.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 140 of the Complaint and defer all conclusions of law to the Court.

141.    Deny the allegations contained in paragraph 141 of the Complaint and defer all conclusions of law to the Court.

142.    Deny the allegations contained in paragraph 142 of the Complaint.

143.    Deny the allegations contained in paragraph 143 of the Complaint and defer all conclusions of law to the Court.

144.    Deny the allegations contained in paragraph 144 of the Complaint.

145.    Deny the allegations contained in paragraph 145 of the Complaint and defer all conclusions of law to the Court.

146.    Deny the allegations contained in paragraph 146 of the Complaint.

147.    Deny the allegations contained in paragraph 147 of the Complaint, except defer all conclusions of law to the Court.

148.    Deny the allegations contained in paragraph 148 of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 149 of the Complaint.

## AS AND FOR A FIRST DEFENSE

150.    If Plaintiff was injured in the manner and for the reasons alleged in the Complaint, which is denied, Plaintiff's injuries were caused and or brought about in whole or in part by his own negligence, fault, or lack of care, or by the negligence, fault or lack of care of others for whose negligence, fault or lack of care, Defendants are not responsible.

{NY067766.1 }

### AS AND FOR A SECOND DEFENSE

151.    If there is found to be any liability on the part of Defendants, which is

denied, then Defendants claim the benefits of provisions of the Shipowner's Limitation of

Liability Statutes 46 USC §181 *et. seq.*

### AS AND FOR A THIRD DEFENSE

152.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH DEFENSE

153.    This action is barred by laches or the applicable statue of limitations.

### AS AND FOR A FIFTH DEFENSE

154.    To the extent Plaintiff may have sustained any injuries, which is denied,

such injuries existed, in whole or in part, prior to the incident alleged in the Complaint.

### AS AND FOR A SIXTH DEFENSE

155.    Whatever injuries Plaintiffs may have sustained at the time and place

alleged in the complaint were caused solely, or contributed to, by acts or omissions of

third parties over whom Defendants exercised no control.

### AS AND FOR A SEVENTH DEFENSE

156.    Plaintiff has failed to mitigate any loss or damages he may have incurred.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint

together with costs and disbursements of this action and such other and further relief as to

this Court deems just and proper.

Dated:  New York, NY
        January 7, 2008

                                        HILL, BETTS & NASH LLP

                                        _____
                                        Gregory O'Neill (GON 1944)
                                        Gordon S. Arnott (GSA 8612)
                                        *Attorneys for Defendants*
                                        *Overseas Shipholding Group, Inc.,*
                                        *OSG Ship Management, Inc., OSG*
                                        *Bulk Ships, Inc. and Overseas New*
                                        *Orleans LLC (sued herein as  (New*
                                        *Orleans Tanker Corporation One*
                                        World Financial Center
                                        200 Liberty Street, 26th Fl.
                                        New York, NY 10281
                                        (212) 839-7000

TO:    Cerussi & Spring
       *Attorneys for Plaintiff*
       One North Lexington Avenue
       White Plains, NY 10601-1700
       (914) 948-1200

{NY067766.1 }