# HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER,
200 LIBERTY STREET, 26TH FLOOR
NEW YORK, NY 10281-1003

(212) 839-7000

FAX: (212) 466-0514

WRITER'S DIRECT PHONE:

(212) 589- 7512

August 29, 2008

Magistrate Judge Debra C. Freeman
United States District Court Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 525
New York, New York  10007

      Re: Scoran, J. v. Overseas Shipholding Group, et al.
         Docket No.: 07 Civ. 10307 (JGK) (DCF)
         Our File No.: 11.0013

Dear Judge Freeman:

  In furtherance to our telephone conference on August 14, 2008, we submit this letter brief in support of our motion to permit defendants to commence a third-party action against Camden First Aid Associates (the "Ambulance Company") – who transported plaintiff from Boston to his home in Maine after the accident on the ship. Defendants make this motion at this time because we have only recently learned the alleged seriousness of the additional injuries, pain and suffering of plaintiff after the incident in the ambulance during plaintiff's deposition on August 6, 2008.

## BACKGROUND

  On January 4, 2006 the M/T OVERSEAS NEW ORLEANS was approximately 60 to 70 miles off the entrance to Tampa Bay cleaning tanks in preparation for entering dry-dock in

Tampa, Florida. Following the cleaning of the cargo tanks, the port and starboard bunker tanks were to be cleaned for an ABS inspection.

Plaintiff/Second Mate, Jason Scoran, fell approximately 34 feet while assisting in the cleaning of the starboard bunker tank. Mr. Scoran suffered a compound fracture of his left leg.

I. **Standard**

Fed. R. Civ. P. 14(a) states in pertinent part:

A defending party may, as a third party plaintiff, serve a Summons and Complaint on a non-party who is or may be liable to all of it for all part of the claim against it. But the third-party plaintiff, must by motion, obtain the Court's leave if it files a third party complaint more than ten days after serving the original answer.

Generally, Courts permit assertion of impleader of claims unless they are raised so late in the pending suit that they unreasonably prejudice persons, who are already parties. *New York v. Solvent Chemical Co., Inc.*, 875 F. Supp. 1015, 1021 (W.D.N.Y.1995). In *New York* the court allowed impleader more than 10 years after the original complaint was filed. The Court found that judicial efficiency will be best served if the third party claim would be considered in the same action as numerous other claims. Id. at 1021.

The rule "was designed to permit the liberal joinder of parties so that judicial energy could be conserved and consistency of results guaranteed." Id. citing *Olympic Corp. v. Societe Generale,* 462 F.2d 376, 379 (2d Cir.1972).[1] Its purpose is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against [a third party] who may be secondarily or derivatively liable...." *McLaughlin v. Biasucci,* 688 F.Supp. 965, 967

---

[1] This Court dismissed the Third Party Complaint on the basis of *forum non convenience* where the more convenient forum was France and not New York which is a significant factual difference to the case at hand.

(S.D.N.Y.1988). Courts will "balance the benefits derived from impleader ... against the potential prejudice to the plaintiff and third-party defendants. <u>EZ-TIXZ, INC. v. HIT-TIX, INC,</u> 1995 WL 77589 (S.D.N.Y.)(Not Reported) at *7. (See attached).

The Courts also look at whether any judicial economy is obtained by forcing the defendant to file a separate suit against the third party defendant. <u>Marseilles Hydro Power v. Marseilles Land and Water Co.</u>, 299 F.3d 643, 650 (7th Cir. 2002). In <u>Marseilles Hydro Power</u>, the Court of Appeals found that denial of owner's motion to file third-party complaint filed in June when the original complaint was filed in February against power company's predecessor was abuse of discretion and reversed the District's Court decision. The court held that so long as a third-party action falls within the general contours limned by the rule, does not contravene a customary jurisdictional and far venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution. <u>Id</u>. at 650.

## II. **Argument**

In the immediate case, the initial scheduling order from Judge Koetl dated March 4, 2008 stated that except for good cause shown, a third-party action needed to be commenced by March 28, 2008. Admittedly, defendants were aware of the incident in the ambulance where plaintiff was further injured prior to this Court's deadline. However, defendants were not aware of the extent Plaintiff would attribute to the incident in the ambulance regarding the additional pain and suffering, bleeding and possible infection until Plaintiff's deposition was conducted on August 6, 2008.

The following questions and answers are excerpted from plaintiff's deposition:

Magistrate Judge Debra C. Freeman
United States District Court Magistrate Judge
United States District Court for the Southern District of New York
August 29, 2008
Page 4

> Q. Sure. Did anything happen on the way to your home while in the ambulance from the airport?
>
> A. Yes.
>
> Q. What happened?
>
> A. The ambulance started slamming up and down about a half a dozen times.[2]
>
> Q. What happened after that?
>
> A. I was in extreme pain, and I started to bleed through my dressing in my pants.
>
> Q. Did you go directly home?
>
> A. No.
>
> Q. Where did you go?
>
> A. I asked them to take me to a hospital.[3]
>
> Q. Did they take you to Penobscot Medical Center?
>
> A. Yes, Sir.
>
> Q. What did they do for you, if anything, at Penobscot Medical Center?
>
> A. X-rays.
>
> Q. Other than taking x-rays, did they do anything else?
>
> A. They Steri-Stripped my leg back closed. In the process of doing that, they spilled the glue in my wound which put me in a lots of pain.[4]
>
> Q. Did you remain at home until you were admitted to Eastern Maine Medical Center?
>
> A. Yes, sir.

---

[2] Scoran Deposition, pg. 151, lines 5-11.
[3] Scoran Deposition pg 151, lines 15-23.
[4] Scoran Deposition pg. 152, lines 6-18.

Magistrate Judge Debra C. Freeman
United States District Court Magistrate Judge
United States District Court for the Southern District of New York
August 29, 2008
Page 5


    Q.    Why did you go to Eastern Maine Medical Center?

    A.    I had a home visiting nurse for doing dressing changes daily. She noticed that my leg looked infected and that my health had deteriorated.[5]

(Copies of the full transcripts are available.)

As you can see from the quoted sections, plaintiff is claiming a great deal of pain and suffering as a result of being thrown about in the ambulance. In addition, since the infection of the bone was only discovered about five days after the incident in the ambulance-which was over sixteen days from the initial date of accident on the vessel (January 4, 2006), there is a possibility that the infection may have been caused by the ambulance incident and not the actual accident on the vessel. On May 13, 2008, Chief Mate, Todd Crane, who was treating Mr. Scoran's injuries immediately after the accident, admitted at his deposition that because plaintiff was wearing a Tyvek[6] suit and had pants underneath, "the wound appeared to be cleaner than [he] anticipated"[7]. Mr. Crane's testimony further shows that the infection may have occurred directly from other than the initial accident on the vessel.

As a consequence of the above, defendants wish permission to implead the Ambulance Company because after plaintiff's deposition, defendants now believe that a significant portion of the liability and damages that a jury might attribute for the pain and suffering of the plaintiff and perhaps even for the subsequent infection, may be the fault of the Ambulance Company.

---

[5] Scoran Deposition pg 154, line 18; page 155, line 3.
[6] A Tyvek suit is a one piece impermeable jumpsuit worn over work cloths typically worn when cleaning tanks on a vessel.
[7] Crane deposition pg. 142, lines 12-18.

Magistrate Judge Debra C. Freeman
United States District Court Magistrate Judge
United States District Court for the Southern District of New York
August 29, 2008
Page 6

In addition, impleading the Ambulance Company into this action will promote judicial efficiency by not forcing defendants to commence a separate action. Furthermore, no prejudice can be shown against plaintiff's case because discovery is still ongoing. In fact, plaintiff recently noticed the deposition of an additional witness and the deposition of bosun is scheduled for September 10, 2008. Finally, by impleading the Ambulance Company into this matter, plaintiff would have another potential defendant to recover from.

                    Respectfully submitted,

                    HILL, BETTS & NASH LLP

                    James E. Forde

cc:    Thomas F. Cerussi (*via facsimile*)
       Cerussi & Spring

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

Page 1

**H**
Ez-Tixz, Inc. v. Hit-Tix, Inc.
S.D.N.Y.,1995.

United States District Court, S.D. New York
EZ-TIXZ, INC., Plaintiff,
v.
HIT-TIX, INC., Eric Krebs Theatrical Management, Inc., and Paul Morer Productions, Inc., all Corporations of the State of New York, and Eric Krebs and Paul Morer, Individuals, Defendants.
HIT-TIX, INC., Eric Krebs Theatrical Management, Inc., and Paul Morer Productions, Inc., all Corporations of the State of New York, and Eric Krebs and Paul Morer, Individuals, Third-Party Plaintiffs,
v.
WHITBELL PRODUCTIONS, INC., Gail Bell and Joyce Whitcomb, Third-Party Defendants.
**No. 93 Civ. 3791 (CSH).**

Feb. 27, 1995.

*MEMORANDUM OPINION AND ORDER*

HAIGHT, District Judge:
*1 This case is currently before the Court on third-party defendants' motion to dismiss defendants' and third-party plaintiffs' Third-Party Complaint. Third-party defendants base their motion to dismiss on a number of grounds: third-party plaintiffs' failure to state a proper claim upon which relief can be granted; the Third-Party Complaint was filed and served without leave of the Court more than ten days after third-party plaintiffs had filed their original Answer; and, as to third-party defendant Whitcomb, insufficient service of process. For the following reasons, the Court grants third-party defendants' motion to dismiss the Third-Party Complaint for failure to state a claim upon which relief can be granted.

*BACKGROUND*

Plaintiff EZ-TIXZ, Inc. ("EZ-TIXZ") is engaged in the production and operation of computer programs related to "theater ticket sales management systems." EZ-TIXZ has been involved in developing the EZ-TIXZ Ticket Agency Management product ("the Program"), a computer program for automated ticket sales. In May 1988, EZ-TIXZ entered into an agreement with defendant Eric Krebs, a majority shareholder and officer of defendant Hit-Tix, Inc. ("Hit-Tix"). The agreement allegedly allowed Hit-Tix the use of the Program in its developmental phase. However, once the Program was ready for commercial use, the plaintiff alleges the parties were to renegotiate a usage fee.

Subsequent negotiations between the parties broke down. Plaintiff claims that defendants continued to use the Program without authorization. Defendants allegedly refused to pay any sums for its continued use. Plaintiff filed a Complaint against defendants Hit-Tix, Eric Krebs, and Paul Morer, a principal shareholder and officer of Hit-Tix. The Complaint alleges copyright infringement, breach of contract and unfair competition resulting from Hit-Tix's continued unauthorized use of the Program. A second breach of contract claim is pleaded for defendants' alleged refusal to compensate EZ-TIXZ for service and maintenance of the Program. A third breach of contract claim is pleaded regarding the development of an unrelated computer program. Plaintiff sought compensatory and punitive damages, as well as an injunction barring further use of the program. Following defendants' Answer, plaintiff served an Amended Complaint adding Eric Krebs Theatrical Management, Inc. and Paul Morer Productions, Inc. as defendants. Defendants served and filed an Amended Answer.

Within ten days of filing their Amended Answer, defendants filed a Third-Party Complaint, naming Whitbell Productions, Inc. ("Whitbell"), Gail Bell ("Bell") and Joyce Whitcomb ("Whitcomb") as third-party defendants. The Third-Party Complaint alleges that Whitbell was a shareholder of Hit-Tix,

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

Bell was a director and officer of Hit-Tix, and Whitcomb was an officer of Hit-Tix. The Third-Party Complaint further alleges that Bell and Whitcomb, while acting in their capacity as fiduciaries to Hit-Tix, conspired to disclose Hit-Tix business and trade secrets to EZ-TIXZ.

*2 Five causes of action may be extrapolated from third-party plaintiffs' inartfully drawn complaint. The first cause of action alleges Bell committed fraud by disclosing Hit-Tix business secrets to plaintiff in order to undermine third-party plaintiffs' business. (Third-party Complaint ¶¶ 18-19, 21, 26.) The second cause of action alleges unfair competition, resulting from Whitcomb and Bell conspiring in their fraudulent scheme to disclose Hit-Tix trade secrets to EZ-TIXZ. (*Id.* ¶¶ 31-32.) An additional breach of contract claim, arising from Whitcomb and Bell's conspiracy, is appended to third-party plaintiffs' second cause of action. (*Id.* ¶ 33.) A fourth cause of action for misappropriation of trade secrets is brought against Whitbell, Bell and Whitcomb for their parts in the aforementioned conspiracy. (*Id.* ¶¶ 37-39.) A fifth cause of action for RICO violations is brought against Bell, Whitcomb and Whitbell for the conspiracy, which allegedly constitutes a pattern of racketeering whose activities affect interstate commerce. (*Id.* ¶¶ 43-44, 46-47.)

Third-party defendants have filed motions under Fed.R.Civ.P. 12(b)(6) and 12(b)(5) to dismiss the Third-Party Complaint. Third-party defendants assert that third-party plaintiffs' claims are not derivative of or dependent upon plaintiff's original Complaint. Furthermore, they claim that third-party plaintiffs did not seek the Court's leave in filing the Third-Party Complaint more than ten days after the original Answer. Lastly, as to third-party defendant, Joyce Whitcomb, third-party defendants assert that the Third-Party Complaint was improperly served.

### DISCUSSION

Third-party plaintiffs seek to implead third-party defendants to recover damages, resulting from third-party defendants' alleged fraudulent scheme to transmit third-party plaintiffs' business secrets to plaintiff EZ-TIXZ. This fraudulent scheme forms the basis for the related actions of fraud, breach of contract, misappropriation of trade secrets, unfair competition and RICO violations. However third-party plaintiffs must satisfy both Rule 14's procedural and substantive requirements before impleader will be granted.

*A. Rule 14(a) Procedural Requirements*

Fed.R.Civ.P. Rule 14(a) permits a defendant to bring in a third party who may be liable to the defendant for all or part of the plaintiff's claim against the defendant. Rule 14 provides in pertinent part:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* (emphasis added).

In order to implead a third party the defendant must show that if he is found liable to the plaintiff, then the third party will be liable to the defendant. *Index Fund, Inc. v. Hagopian,* 417 F.Supp. 738, 743 (S.D.N.Y.1976). Rule 14 requires that the third-party defendant's liability be derivative of or secondary to that of the defendant in the main action. *Index Fund, Inc.,* 417 F.Supp. at 744. Thus, the third party's liability must be "dependent upon the outcome of the main claim" or the third party must be "potentially secondarily liable as a contributor to the defendant." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29, 31 (2d Cir.1984).

*3 In *Kenneth Leventhal,* defendant accountants, Kenneth Leventhal & Co. (Leventhal), were charged with securities law violations, common law negligence, and fraud for their part in a scheme to artificially inflate the price of defendant Emersons'

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

stock. Leventhal attempted to implead third-party defendant liquor suppliers, who were allegedly involved in a plot to illegally reduce prices to obtain Emersons' business. This Court dismissed the third-party complaint for failure to state a claim. The Second Circuit affirmed. The court held that "[w]hatever the liquor suppliers did, it simply has nothing to do with the harm Leventhal allegedly caused the plaintiffs." *Kenneth Leventhal & Co.,* 736 F.2d at 31. The Second Circuit rejected Leventhal's second claim that had it known of the kickback scheme, it would have given a more careful audit of Emersons' books, and therefore would have discovered the unrelated fraudulent practices which made up plaintiff's complaint. The court held that the "asserted connection between the impleader and the main action is far too attenuated and implausible to merit" reversing the decision to dismiss the third-party complaint. *Id.*

In the instant case, third-party plaintiffs claim that third-party defendants were its fiduciaries. As fiduciaries of Hit-Tix, the third-party defendants allegedly entered into a conspiracy with plaintiff EZ-TIXZ for the purpose of disclosing third-party plaintiffs' business secrets to plaintiff EZ-TIXZ. (Third-Party Complaint ¶¶ 18, 19, 26-28, 31-33.) As a result of third-party defendants' fraudulent scheme, third-party plaintiffs allege extensive damages. Third-party plaintiffs seek to recover damages by impleading third-party defendants Bell, Whitcomb and Whitbell.

However, even the suggestion of any relation between plaintiff's claims and third-party plaintiffs' damages is conspicuously absent from the Third-Party Complaint. The Third-Party Complaint is replete with unspecified references to fraudulent schemes, conspiracies and racketeering activities involving the misappropriation of trade secrets. The nature of these activities is made more clear in the Third-Party Plaintiffs' Memorandum of Law in Opposition to Third-Party Defendants and Plaintiff's Motion to Dismiss Third-Party Summons and Complaint ("Third-Party Plaintiffs' Memo in Opposition"). Third-party plaintiffs allege in their brief that third-party defendants surreptitiously gave information "gleaned from the files of defendants to the plaintiff, which information, although untrue, gave plaintiff a basis for bringing action against the defendants for copyright infringement and breach of contract." (Third-Party Plaintiffs' Memo in Opposition at 5-6.) Third-party plaintiffs assert that these allegations provide a basis for impleading third-party defendants as the allegations "arise from the same transactions and operative facts as the plaintiff's complaint." (Third-Party Plaintiffs' Memo in Opposition at 4.) In effect, third-party plaintiffs claim that had it not been for Bell and Whitcomb's scheme, in which they revealed Hit-Tix's unauthorized use of the Program, plaintiff would have never discovered defendants' alleged violations of copyright infringement, breach of contract, misappropriation of trade secrets, and unfair competition. It is entirely within this Court's discretion to dismiss a third-party complaint "based upon such a speculative, 'but for' causal link." *Kenneth Leventhal & Co.,* 736 F.2d at 31.

*4 Furthermore, third-party plaintiffs' reliance on common transactions or operative facts arising from the two complaints, as being dispositive under Rule 14, is simply misplaced. "[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim." *Index Fund, Inc.,* 417 F.Supp. at 744 (quoting *United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751 (5th Cir.1967)). In *Index Fund,* the court ruled that Rule 14 required that "the liability of the third party be dependent upon the outcome of the main claim." 417 F.Supp. at 744 (quoting 380 F.2d at 751).

Hit-Tix may have claims against Bell, Whitcomb and Whitbell for their roles in the alleged scheme to defraud Hit-Tix. However, the claims are far too remote from the main claim to be the basis for impleading Bell, Whitcomb and Whitbell as third-party defendants in the instant case. An eventual

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

finding of third-party defendants' liability for their participation in the scheme to defraud Hit-Tix, as well as liability for the related claims, may potentially be found regardless of the outcome of plaintiff's claims. Third-party plaintiffs' claims fail the Rule 14(a) procedural requirement that the liability of the third-party defendants be dependent on the outcome of the main claim. The allegations of fraud, as well as the related actions, are clearly "separate and independent" claims. As this Court has stated on a previous occasion, a Rule 14(a) branch cannot grow without the root of a claim asserted by plaintiff. *Greene v. Emersons, Ltd.,* 102 F.R.D. 33, 35 (S.D.N.Y.1983).

Third-party plaintiffs' RICO claims fail for much the same reasons. Third-party plaintiffs assert that their RICO claims are based on third-party defendants' use of the mails in furtherance of their scheme to defraud Hit-Tix. (Third-Party Complaint ¶¶ 42-43.) However, where the fraud and related claims fail, so must third-party plaintiffs' RICO claim. Since the RICO claim is based on the third-party defendants' scheme to defraud Hit-Tix, it too is a "separate and independent" claim.

*B. Rule 14(a) Substantive Requirements*

The Third-Party Complaint does not state a claim for contribution, nor does it provide any substantive basis for contribution. However, third-party plaintiffs contend in their brief that third-party defendants, as directors, officers and shareholders of Hit-Tix, must share in any liability imposed on the defendants. (Third-Party Plaintiffs' Memo in Opposition at 3, 8, 10-11.) While the proper time to assert such a claim is in the Third-Party Complaint, *Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F.Supp. 518, 526 (S.D.N.Y.1977) (a party is not entitled to amend his pleading through statements in his brief), third-party plaintiffs' claims for contribution fail on substantive grounds.

Rule 14 does not "abridge, enlarge, nor modify the substantive rights of any litigant." 3 James W. Moore et al., *Moore's Federal Practice,* ¶ 14.03 (2d ed.1994). In addition to its procedural requirements, Rule 14 requires that a defendant have a substantive basis for a claim against the third party. *Index Fund, Inc.,* 417 F.Supp. at 744. See also *Stratton Group, Ltd. v. Sprayregen,* 466 F.Supp. 1180, 1186 (S.D.N.Y.1979) (Rule 14 provides no substantive theory of recovery, but stands as merely a procedural device). Third-party plaintiffs, therefore, must find a substantive basis for a right of contribution in the claims brought by plaintiff.

*5 A basis for contribution for alleged violations of the Copyright Act must be found in federal law, as contribution in a federal action is governed by federal law. "The doctrine of contribution provides that one of two or more *joint wrongdoers* should not be required to pay more than his share of a common burden...." *Stratton Group, Ltd.,* 466 F.Supp. at 1185, n. 4 (citations omitted). Thus, a necessary predicate for contribution is an allegation that the third-party defendants were joint participants in the wrongdoing alleged in the main action. *Stratton Group, Ltd.,* 466 F.Supp. at 1185; *Index Fund, Inc.,* 417 F.Supp. at 746 (contribution is available when the defendant can show that his fault was shared by a joint wrongdoer).

In *Stratton Group* shareholders brought suit against directors and officers of the company alleging violations of Section 10(b) of the Securities Act of 1934 and Rule 10(b)-5, as well as claims of common law fraud and breach of fiduciary duty. Defendants sought to implead various third-party defendants on the basis of their alleged negligence. Dismissing the third-party claims, the court held that under federal securities laws impleading a third-party defendant for contribution requires more than an allegation of third-party defendant's negligence arising from the same transaction of the main claim. 466 F. Supp at 1185. Rule 14 requires an allegation of the third-party defendant's joint participation in the fraud alleged in the main action.[FN1] *Id.*

Similar allegations of joint wrongdoing are required

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

Page 5

when impleading for contribution in copyright infringement suits. In *Broadcast Music v. Hearst/ABC Viacom Ent. Services,* 746 F.Supp. 320 (S.D.N.Y.1990), plaintiff Broadcast Music, Inc. ("BMI") brought suit against defendant Lifetime for copyright infringement. Lifetime filed antitrust and copyright misuse counterclaims. Lifetime also attempted to implead Preston, the President of BMI, alleging the third-party defendant had authorized plaintiff's illegal conduct. The court, in dismissing the third-party action, ruled that:

Lifetime may properly assert a third-party complaint against Preston only if she is or may be liable to Lifetime for all or part of Lifetime's copyright infringement liability to BMI. The only ways the Court can conceive Preston could be a proper third-party defendant would be if she were a *co-infringer* or a *contributory infringer* of the copyrights in BMI's repertoire.

*Id.* at 330 (emphasis added).

In the instant case, the Third-Party Complaint is devoid of any allegation regarding third-party defendants' joint participation in the alleged copyright infringement of the original action. Third-party plaintiffs raise the issue of shared liability for the first time in Third-Party Plaintiffs' Memo in Opposition. Third-party plaintiffs claim that "third-party defendants were principals of third-party plaintiff and therefore share liability and contribution for any and all damages for which third-party plaintiff may be liable." (Third-Party Plaintiffs' Memo in Opposition at 11.) Third-party plaintiffs cite evidence of third-party defendants' positions at Hit-Tix, presumably, in an effort to establish third-party defendants' liability by virtue of their positions at defendant corporation.

*6 However, absent allegations of third-party defendants' joint wrongdoing in the copyright infringement of the main claim, their positions at defendant Hit-Tix will not provide a basis for liability. Third-party plaintiffs offer the conclusory assertion that "[Bell] and her co-third-party defendants were involved directly in the activities of Hit-Tix, Inc., which allegedly form the basis of this lawsuit." (Third-Party Plaintiffs' Memo in Opposition at 4.) Third-party plaintiffs, however, do not allege in their pleading that Bell or Whitcomb specifically directed, approved or otherwise engaged in the unauthorized use of the Program during the relevant time periods. As officers of the corporation, Bell and Whitcomb were presumably involved in the activities of Hit-Tix. However, mere participation in the activities of Hit-Tix, without more, is insufficient to support a claim for contribution. There must be some allegation that Bell and Whitcomb were joint tortfeasors with defendants in the scheme plaintiff alleges was engaged in by the defendants. *See Stratton Group, Ltd.,* 466 F.Supp. at 1189. In short, third-party plaintiffs do not state a claim for contribution under federal substantive law.

Third-party plaintiffs' claims for contribution in plaintiff's state and common law claims fare no better. State law governs the substantive aspects of these claims. Thus, third-party plaintiffs' claim for contribution in these additional causes of action requires a substantive right in New York state law. New York law, however, does not recognize vicarious liability for directors, officers, agents, or shareholders. In *Connell v. Hayden,* 443 N.Y.S.2d 383 (App.Div.1981), the court held that "[a] director, officer or agent is not liable for torts of the corporation or of other officers or agents merely because of his office and he is liable only for torts in which he participated or which he authorized or directed." *Connell,* 443 N.Y.S.2d at 402 (citations omitted). Similarly, the court ruled that:

[i]n the absence of constitutional, statutory or charter provisions to the contrary, a stockholder is not merely by reason of his stock interest, liable at common law for any of the obligations of a corporation, whatever their character and in whatever manner incurred.

*Id.* (citations omitted).

Third-party plaintiffs do not allege third-party de-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

fendants are liable as joint tortfeasors for any of the state and common law claims. Again, assertions that third-party defendants were directors, officers and shareholders of defendant corporation during the time period of the allegations in the main claim are insufficient to impose a right of contribution.

*C. Timeliness of the Third-Party Complaint*

Third-party plaintiffs contend they were not required to seek leave of the court in filing their complaint since it was served within ten days of their Amended Answer. Fed.R.Civ.P. Rule 14(a) provides that:

[t]he third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the *original* answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

(emphasis added).

After ten days from the date of serving the original answer, the defendant is required to obtain leave of the court before serving and filing the third-party complaint. *See E.F. Hutton & Co. v. Jupiter Development Corp. Ltd.,* 91 F.R.D. 110, 113 (S.D.N.Y.1981). Moreover, the filing of an amended complaint that substantially adopts the allegations of the first complaint does not afford an opportunity to implead without leave of the court. *In re "Agent Orange" Product Liability Litigation,* 100 F.R.D. 778, 780 (E.D.N.Y.1984).

*7 Defendants in the instant case filed their original Answer on October 8, 1993. Plaintiffs served an Amended Complaint on February 8, 1994 in order to add Eric Krebs Theatrical Management, Inc. and Paul Morer Productions, Inc. as defendants. An Amended Answer was served on February 22, 1994. Defendants served the Third-Party Complaint without leave of the Court on February 25, 1994. Third-party plaintiffs do not contend that the allegations of the Amended Complaint are substantially different from the original Complaint. Third-party plaintiffs, therefore, were "on notice from the time of the filing of the first complaint of all the facts relevant to the impleader claim." 100 F.R.D. at 780. Thus, the Third-Party Complaint is also defective as a result of third-party plaintiffs' failure to seek leave of the Court in serving the complaint more than ten days after serving its original answer.

Third-party plaintiffs, in the alternative, seek leave of the Court to re-serve the Third-Party Complaint. The decision whether to permit impleader rests within the sound discretion of the district court. *See Consolidated Rail Corp. v. Metz,* 115 F.R.D. 216, 218 (S.D.N.Y.1987); *E.F. Hutton & Co.,* 91 F.R.D. at 113. The court must balance the benefits of settling related matters in one suit against the possible prejudice to the plaintiff and third-party defendants. *See Local 144, Hotel, Hosp. v. C.N.H. Mgt. Associates,* 741 F.Supp. 415, 419 (S.D.N.Y.1990); *Consolidated Rail Corp.,* 115 F.R.D. at 218.

A useful guide in weighing these interests is provided by a line of cases analyzing Rule 3(k) of the uniform Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (repealed 1990).[FN2] These cases developed a number of factors in determining whether the requisite special circumstances existed in order to grant impleader after the expiration of the local statutory period of six months from the date of the original answer. *See e.g., E.F. Hutton,* 91 F.R.D. at 110. The cited factors were employed to ensure an absence of substantial prejudice to the plaintiff or third-party defendant, resulting from a belated Third-Party Complaint. *See e.g., In re "Agent Orange",* 100 F.R.D. at 781 (analyzing the various factors in terms of prejudice to plaintiffs and third-party defendants). The factors the courts considered include:

(1) whether the movant deliberately delayed or was derelict in filing its motion; (2) whether prejudice will result to the third-party defendant; (3) whether the trial of the principal action would be delayed or

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp. Page 7
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

unduly complicated; and (4) whether the proposed third party complaint states a claim under which relief may be granted.

*See Local 144, Hotel, Hosp.,* 741 F.Supp. at 419; *E.F. Hutton,* 91 F.R.D. at 113; *See also In re "Agent Orange",* 100 F.R.D. at 780 (citing only the first three factors).

Rule 3(k) has since been repealed; and, as a result, the six-month statutory period and the required showing of special circumstances are no longer effective. However, the four factors provide a useful guide for the district court in applying its broad discretion to grant an impleader motion. While the factors are not dispositive, taken together they may assist the district court in its determination of whether prejudice to the plaintiff and third-party defendant outweighs the benefits of impleader's use.

*8 As mentioned above, third-party plaintiffs were on notice of plaintiffs' allegations from the time of the filing of the original Complaint. The Third-Party Complaint was subsequently filed some 140 days after the original Answer. Third-party plaintiffs were dilatory in filing their claim. Moreover, third-party defendants were not parties to the action at the time officers for plaintiff and defendants were deposed. Additional discovery would be required, including the deposition of previously deposed witnesses, in order to remedy the prejudice to third-party defendants. This would lead to further delay in the commencement of the trial. Finally, third-party plaintiffs' failure to state a claim upon which relief can be granted would only lead to more procedural maneuvering and subsequent delays. Nor will third-party plaintiffs be substantially prejudiced by denial of its motion. If defendants are found liable to plaintiff, they can bring a subsequent action against third-party defendants for contribution. Moreover, the state and common law claims which make up the bulk of third-party plaintiffs' complaint can be brought in state court. In sum, the possibility of substantial prejudice to plaintiff and third-party defendants militates against the use of impleader in the instant case.

The Third-Party Complaint fails to state a claim upon which relief can be granted. Therefore, third-party defendants' Rule 12(b)(6) motion to dismiss the Third-Party Complaint will be granted. Moreover, in order to mitigate further delay and subsequent prejudice to the parties, leave to reserve the Third-Party Complaint will not be granted; nor will leave be granted to amend the Third-Party Complaint.

*Conclusion*

For the foregoing reasons, third-party defendants' 12(b)(6) motion to dismiss the Third-Party Complaint is granted. There being no just reason for delay, the Clerk is directed to enter judgment dismissing the Third-Party Complaint with prejudice, as provided for under Fed.R.Civ.P. 54(b).

It is SO ORDERED.

> FN1. The *Stratton* court granted leave for third-party plaintiffs to amend their complaint as to third-party defendants Bordwin and Gruber. *Stratton Group, Ltd. v. Sprayregen,* 466 F.Supp. 1180 (S.D.N.Y.1979). The court held that since Bordwin and Gruber occupied executive positions in Stratton during the relevant time period, the court was "unable to say beyond doubt that the complaints, however inartfully drawn, [would] under no circumstances entitle third-party plaintiffs to remedial action." *Id.* at 1187. Whether to allow third-party plaintiffs leave to amend their complaint in the instant case is addressed in Section C *infra.*

> FN2. Rule 3(k) of the uniform Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York provided:

>> A motion for leave to bring in a third

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp. Page 8
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made within six (6) months from the date of service of the moving party's answer to the complaint, except that motions ... may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the court deems fair and appropriate.

(repealed 1990).

S.D.N.Y.,1995.
Ez-Tixz, Inc. v. Hit-Tix, Inc.
Not Reported in F.Supp., 1995 WL 77589 (S.D.N.Y.), 1995 Copr.L.Dec. P 27,377

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.