```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
JASON N. SCORAN,                                      :
                                                      :
                          Plaintiff,                  :    07 Civ. 10307 (DF)
                                                      :
            -against-                                 :    **MEMORANDUM**
                                                      :    **AND OPINION**
OVERSEAS SHIPHOLDING GROUP, INC., et al.,             :
                                                      :
                          Defendants.                 :
------------------------------------------------------------------------X
```

**DEBRA FREEMAN, United States Magistrate Judge:**

In this Jones Act case, before me on consent pursuant to 28 U.S.C. § 636(c), Plaintiff Jason N. Scoran ("Scoran") alleges that he suffered a compound leg fracture and other injuries when, during the course of his employment on board a ship, he fell approximately 35 feet into a hole in a fuel tank that was not protected with railings. By motion dated August 29, 2008 (Dkt. 18), at the close of discovery and five months past the deadline set by the Court for joinder of additional parties or causes of action, Defendants (Scoran's employer and its affiliates), sought leave to implead a third party (the ambulance company that transported Scoran to the hospital), on the ground that Scoran was jostled in the ambulance, and that this may have contributed to the severity of his injury. (*See* Letter to the Court from James E. Forde, Esq., dated Aug. 29, 2008 (Dkt. 19).) The Court denied Defendants' motion during a conference with both counsel on September 23, 2008, for the reasons stated on the record at that conference and as further set forth herein.

**DISCUSSION**

Under Rule 14(a) of the Federal Rules of Civil Procedure, a defendant may, with leave of Court, implead a "nonparty who is or may be liable to it for all or part of the claim against it." Generally, the Court will apply a liberal standard to motions seeking leave to implead a third party, although, where such a motion is made late in the proceedings, the Court will consider whether the delayed timing of the impleader would unduly prejudice existing parties to the lawsuit. *See Capitol Records, Inc. v. City Hall Records, Inc.*, 07 Civ. 6488 (LTS) (KNF), 2008 U.S. Dist. LEXIS 55300, at *6-7 (S.D.N.Y. July 18, 2008) (stating that, when determining whether to grant leave to implead, the court should consider, *inter alia*, whether defendant "deliberately delayed or was derelict in filing the motion," whether impleading would "unduly delay or complicate" the case, and whether impleading would "prejudice the plaintiff or third-party defendant") (citing *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003); *Olympic Corp. v. Societe Generale*, 462 F.2d 376, 379 (2d Cir. 1972)); *Nat'l Westminster Bank PLC v. Empire Energy Mgmt. Sys.*, 93 Civ. 5331 (LMM), 1996 U.S. Dist. LEXIS 18286, at *24 (S.D.N.Y. 1996) (same) (citations omitted).

Further, where a motion seeking leave to join additional parties is made after a deadline set by the Court for such motions, the moving party must meet the requirements of Fed. R. Civ. P. 16(b)(4), which provides that the Court's scheduling orders "may be modified only for good cause." Where a party fails, in such circumstances, to show good cause why joinder should be permitted, it is within the Court's discretion to deny the motion. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (party required, under Rule 16, to show good cause for amending the complaint after court-ordered deadline for amendments).

———

In this case, the Court is persuaded that allowing the proposed impleader at this late juncture would cause Scoran undue prejudice. The discovery taken to date in this case has been unusually difficult to schedule and complete, given that certain witnesses still work about various vessels, affording them only limited windows of time in which they can be available for deposition. Under these circumstances, reopening discovery at this point, so that a new party may make fair inquiry of the witnesses, would assuredly cause substantial delay in the resolution of the case.

Moreover, Defendants have not shown good cause for impleading a new party at this time. Defendants concede that they knew, prior to the deadline for joinder, that Scoran had been jostled in the ambulance, as a hospital report stating this had already been produced. Indeed, that hospital report not only indicated that Scoran's leg had "bounced up and down," but that "there was some increased bleeding" at that time. (*See* Letter to the Court from Thomas F. Cerussi, Esq., dated Sept. 5, 2008 (Dkt. 20), at 6.) This was sufficient to enable Defendants to investigate whether they had a potential contribution claim against the ambulance company, yet Defendants apparently did not do so.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion for leave to implead the ambulance company is denied.

Dated: New York, New York
October 6, 2008

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

3

Copies to:

Thomas F. Cerussi, Esq.
Cerussi & Spring
One North Lexington Avenue
White Plains, New York 10601

Gordon S. Arnott, Esq.
James E. Forde, Esq.
Hill, Betts & Nash, LLP
One World Financial Center
200 Liberty Street
26th Floor
New York, New York 10281-1003